# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : **CRIMINAL COMPLAINT** |
| v. | : Honorable Joseph A. Dickson |
| GREGORY CLARK | : Mag. No. 19-6527 |

I, Special Agent Taeketra Haynes, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

_____
Taeketra Haynes, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and subscribed in my presence,
on February 11, 2019, at Newark, New Jersey

_____
HONORABLE JOSEPH A. DICKSON
United States Magistrate Judge

## ATTACHMENT A

### COUNT ONE
### (Felon in Possession of Firearms)

On or about October 16, 2018, in Passaic County, in the District of New Jersey and elsewhere, the defendant,

**GREGORY CLARK,**

having been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Passaic County, did knowingly possess in and affecting commerce firearms and ammunition, namely the following:

a. A HiPoint Model C9 9mm pistol, serial number P1259983;

b. A Smith & Wesson Model 410 .40 caliber pistol, serial number VJE9681; and

c. Approximately three rounds of .40 caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## ATTACHMENT B

I, Taeketra Haynes, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date and time, I am asserting that it took place on or about the date and time alleged.

1.  On or about October 16, 2018, at approximately 7:10 a.m., law enforcement officers with the Paterson Police Department and firefighters with the Paterson Fire Department were dispatched to the area of 181 Pearl Street in Paterson, New Jersey after receiving reports of an active structure fire at that location. When officers arrived, flames and smoke were emitting from the top floor of 181 Pearl Street, which was believed to be vacant at the time. After speaking with members of the Paterson Fire Department who were also on-scene, law enforcement officers were informed that the residents of the first floor of 179 Pearl Street, the building adjacent to the fire, had not yet evacuated.

2.  Thereafter, law enforcement officers repeatedly knocked on the front door of the first floor apartment at 179 Pearl Street (the "Residence") and spoke with the occupants about the need to evacuate the premises. It was determined that the sole occupants of the Residence were the Defendant, Gregory Clark ("CLARK"), and his girlfriend, hereinafter the "Co-Occupant." Despite law enforcement officers' warnings, CLARK still refused to emerge from the Residence. At this time, the other occupants of 179 Pearl Street had evacuated the building, and smoke was travelling from 181 Pearl Street towards 179 Pearl Street. After the officers' attempts to ask CLARK to evacuate had been repeatedly ignored, officers entered the Residence to evacuate its occupants for public safety reasons.

3.  After the officers entered the Residence, they encountered CLARK in his bedroom. CLARK told the officers to give him a moment to gather some items and dress before he evacuated the Residence. While CLARK was dressing, he dropped a firearm, later identified as a HiPoint Model C9 9mm pistol, serial number P1259983 ("Firearm 1"), onto the ground in plain view of the officers. CLARK attempted to pick up the weapon, but officers seized CLARK and the weapon before he could get to it. In securing Firearm 1, officers determined that it had a defaced serial number.

4.  CLARK was then placed under arrest. As he was being escorted from the Residence, he spontaneously stated that there were two more firearms

in his bedroom. CLARK also stated to the officers that the firearms in his bedroom had been obtained illegally, and that the Residence was going to be vacant for several days. Given these statements, and the fire in the adjacent building, officers conducted a search of the Residence to locate the additional firearms. During their search, but before the additional firearms were located, officers recovered approximately 5 glassine bags of a substance that appeared to them to be heroin, approximately 20 prescription pills inside a plastic bag, and paraphernalia such as scales and empty plastic bags that, based on the officers' training and experience, were used to package and distribute narcotics. The officers also seized a Smith & Wesson black knife.

       5.     Hidden inside the ceiling tiles of CLARK's bedroom, officers found two black handguns and approximately three rounds of .40 caliber ammunition. The handguns were later determined to be a Smith & Wesson Model 410 .40 caliber pistol, serial number VJE9681 ("Firearm 2"); and a Pietro Beretta handgun with magazine ("Firearm 3"). After further inspection, Firearm 3 was determined not to be an operable firearm, but rather a replica made to look like a firearm.

       6.     During a search incident to CLARK's arrest, officers recovered approximately seven glassine baggies marked "Bada Bing" containing a substance that appeared to the officers to be heroin from CLARK's right front jacket pocket. The glassine baggies recovered from CLARK's person and from the Residence are still undergoing laboratory testing.

       7.     Firearm 1 and Firearm 2 were test-fired and determined to be operable. Based on my knowledge, training, and experience, neither Firearm 1 nor Firearm 2 was manufactured in New Jersey.

       8.     On or about April 11, 2008, CLARK was convicted in the Superior Court of New Jersey, Passaic County, of aggravated assault, in violation of N.J.S.A. 2C:12-1b(7), a crime punishable by imprisonment for a term exceeding one year.